WOOLCOCKS *v.* HART

Where a creditor has a lien upon two funds for the payment of his debt, Chancery will not compel him first to exhaust the fund which a junior creditor cannot reach, if the senior creditor will thereby be injured, or if he offers to substitute the junior creditor in his place on being paid the amount of his debt.

IN this case the complainant was a judgment and execu- Sept. 4th. tion creditor of James Dreamer. The defendant had also an older judgment and execution against the same person, and Dreamer had not sufficient property in this state to satisfy both. The defendant had also an assignment of certain real and personal property in New Jersey as collateral security for *his debt, which in his answer he alleged was [*186] subject to a prior mortgage, and that the title thereto was doubtful. The complainant applied to him to delay a sale under his execution, and apply the Jersey security in the first place in satisfaction of his debt. This was declined by the defendant, but he offered to assign his judgment and all the collateral security which he held over to the complainant, if he would pay the amount due to him on the judgment, which amount he offered to warrant to be due. The complainant declined this offer, and filed his bill, and obtained an injunction.

The defendant now moved to dissolve the injunction.

*C. F. Grim,* for the complainant, contended, that where a creditor has two funds as a security for one debt, equity will compel him to resort first to that fund on which a junior creditor has no lien ; that this was not a mere right of redemption and substitution belonging to the junior creditor, but a right of compelling the senior creditor first to exhaust the fund which the junior creditor could not reach; that this being the rule in equity, the complainant was not bound to pay to the defendant the amount of his judgment

against Dreamer, and to take an assignment of that judg-
ment, and also of the collateral security the defendant held
upon the property in New Jersey.   The counsel cited *The
York and Jersey Steamboat and Ferry Company* v. *The As-
sociates of the Jersey Company*, (1 Hop. Rep. 460;) *Evertson*
v. *Booth*, (19 John. Rep. 486;) *Hays* v. *Ward*, (4 John. Ch.
Rep. 123.)

*J. Anthon*, for the defendant:—Where a creditor has a
lien upon two funds for the payment of his debt, Chancery
will not, upon the application of a junior creditor who has
a lien upon one of the funds, compel the senior creditor
first to exhaust the fund which the junior creditor cannot
reach, if the senior creditor will be injured thereby, or if
he offers to substitute the junior creditor in his place, on
being paid the amount of his debt.   When the sufficiency
of the fund to which the junior creditor cannot resort is
doubtful, or the senior creditor refuses to run the hazard of
obtaining satisfaction of his debt out of that fund, equity
[*187]      will not take from *him any part of his security until his
debt was paid.   These principles are fully settled in *Evert-
son* v. *Booth*, (19 John. Rep. 492,) *Brinckerhoff* v. *Marvin*,
(5 John. Ch. Rep. 328,) and they apply to the present case.
Here the fund which the junior creditor cannot reach is
doubtful; the principal creditor declines to resort to it; in-
justice would be done by compelling him to do so; and he
offers to substitute the junior creditor in his place on being
paid his debt; which offer is refused by the junior creditor.

THE CHANCELLOR:—Under the circumstances of this
case the defendant was not obliged to delay the collection
of his debt until he could apply the proceeds of the Jersey
property.   The assignment of the Jersey property, although
absolute on its face, was only a mortgage, and of course no
good title can be given until a foreclosure of the equity of
redemption against Dreamer.   It would be inequitable for
this court to compel him to submit to that delay when he

offers to give to the complainant all the benefit which can
be derived from that collateral security, by assigning it to
him, together with the judgment, on receiving the amount
which he is entitled to collect immediately by a sale on his
execution.

The injunction must be dissolved, unless the complainant,
within ten days after service of a copy of the order to be
entered in this case, pays to the defendant or his solicitor
the amount of the defendant's execution and interest on the
terms of the offer contained in the answer.